### GENERAL MOTORS ACCEPTANCE CORPORATION v. WOODEN.
No. 68697.

Civil Court of Record, Duval County.

March 26, 1963.

Boggs, Blalock & Holbrook, Jacksonville, for plaintiff.

TYRIE A. BOYER, Judge.

This cause came on to be heard upon the plaintiff's motion for entry of final judgment consequent upon default. The complaint is for replevin based upon a retain title contract. Service was effected by publication of notice, and upon the defendant's failure to plead within the time prescribed in the notice, the plaintiff filed a motion for entry of default.

Although the plaintiff filed an affidavit alleging that the defendant is in the military service of the United States, the clerk of this court entered a default against defendant on March 20, 1963. Following the entry of default the plaintiff filed an appropriate affidavit in proof of its claim and a motion for entry of final judgment.

The retain title contract upon which this suit is based is dated June 26, 1962. The plaintiff's affidavit as to military service alleges that the defendant was in military service on the date of the execution of the contract.

Section 520 of title 50 of the Soldiers and Sailors Civil Relief Act provides in part as follows —

"* * * If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, *and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest,* * * *." (Italics added.)

Plaintiff contends that section 517 of said title and act is contrary to, and supersedes section 520. A careful examination of that section reveals that it is in no wise contrary to section 520.

Section 517, insofar as this suit is concerned, merely provides that nothing in the Soldiers and Sailors Civil Relief Act shall prevent the repossession of property which is security for an obligation, which property was purchased or encumbered by a written instrument executed after the obligor commenced his period of military service. In short, section 517 simply declares

that there shall be no moratorium with reference to the repossession of, or foreclosure upon, any property purchased or encumbered by a written instrument executed while the obligor was in military service. The section does not, however, make any exception to the requirement of section 520 requiring the appointment of an attorney to represent and protect the interest of the party in military service — nor does there appear to be any such exception in section 520.

The fact that a serviceman enters into a contract subsequent to the commencement of his enlistment does not deprive him of all the rights intended to be conferred by the Soldiers and Sailors Civil Relief Act. (S & C Motors v. Carden, 223 Ark. 164, 264 S.W.2d 627).

Though this court is the first to concede that section 520 of the Soldiers and Sailors Civil Relief Act creates many "headaches" and should receive the attention of Congress, nevertheless it is the law of the United States and will be applied in this court until modified or repealed.

Accordingly it is, ordered and adjudged that — (1) The plaintiff's motion for entry of final judgment consequent upon default is denied. (2) The default entered herein by the clerk of this court, contrary to section 520, title 50, Soldiers and Sailors Civil Relief Act, is hereby vacated and set aside.